CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
August 21, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **TIMOTHY CROSS,** | ) |
| Petitioner, | ) Case No. 7:24CV00745 |
| v. | ) **OPINION AND ORDER** |
| **WARDEN USP LEE,** | ) JUDGE JAMES P. JONES |
| Respondent. | ) |

*Timothy Cross, Pro Se Petitioner; Krista Consiglio Frith, Assistant United States Attorney,* OFFICE OF THE UNITED STATES ATTORNEY, *Roanoke, Virginia, for Respondent.*

Timothy Cross, a federal inmate proceeding pro se, filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.[1] Cross contends that the Federal Bureau of Prisons (BOP) has miscalculated his term of confinement. After review of the record, I will grant the respondent's Motion for Summary Judgment.

## I. BACKGROUND.

Cross was sentenced on March 9, 2018, in Case No. 3:16-CR-30140 in the United States District Court for the Southern District of Illinois, to thirty-three

---

[1] The record indicates that when Cross filed his § 2241 petition, he was incarcerated at the United States Penitentiary Lee County (USP Lee), a federal prison located within this judicial district. The proper respondent in a § 2241 habeas petition is the person who has custody over the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). Therefore, I have substituted the Warden of USP Lee as the proper respondent in this case.

months in prison followed by three years of supervised release after his conviction of being a felon in possession of a firearm.  The BOP designated Cross to serve his sentence at a Residential Reentry Center (RRC).

On March 31, 2019, Cross packed his belongings and walked away from the RRC.  Staff notified the United States Marshals Service (USMS) of the escape.  The next day, the RRC manager submitted an escape report to the BOP Designation and Sentence Computation Center (DSCC).  The DSCC placed Cross' federal sentence in Case No. 3:16-CR-30140 on inoperative status (INOP) beginning on April 1, 2019, the date on which Cross was no longer in official detention with the BOP under that sentence.

Cross returned to the RRC on April 4, 2019.  The DSCC took his sentence computation out of INOP status as of April 3, 2019, and continued his service of the sentence.  On April 18, 2019, BOP staff transferred Cross to USMS custody to face new charges based on his escape from federal custody.  On September 12, 2019, while Cross was in USMS custody related to the escape charge proceedings, he completed service of the term of imprisonment in Case No. 3:16-CR-30140.

On September 13, 2019, in Eastern District of Missouri Case No. 4:19-CR-00284, Cross was sentenced to a two-month term of imprisonment to be followed by a two-year term of supervised release to run concurrently with Cross' supervised release in Case No. 3:16-CR-30140 from the Southern District of Illinois.  The BOP

prepared a sentence computation for Cross' two-month federal term commencing on September 13, 2019, the date of imposition, with no prior custody credit.

On November 12, 2019, Cross satisfied the sentence in Case No. 4:19-CR-00284 from the Eastern District of Missouri, and his supervised release term commenced. On September 17, 2020, the Eastern District of Missouri transferred Cross' supervised release in Case No. 4:19-CR-00284 to the Southern District of Illinois, where it received a new case number, 3:20-CR-30137.

On September 18, 2020, the USMS arrested Cross on a federal warrant charging him with a supervised release violation. On October 19, 2020, the United States District Court for the Southern District of Illinois revoked Cross' supervised release in both Case No. 3:16-CR-30140 and Case No. 3:20-CR-30137 (the case transferred from the Eastern District of Missouri). The judge in the Southern District of Illinois sentenced Cross to a twelve-month term of imprisonment in Case No. 3:16-CR-30140 and an eighteen-month term of imprisonment in Case No. 3:20-CR-30137 to run consecutively with the term imposed in the older case. The judge further sentenced Cross to a two-year aggregated term of supervised release in both cases.

The BOP prepared a sentence computation for Cross' thirty-month aggregated term of confinement commencing on October 19, 2020, the date of imposition, with custody credit from September 18, 2020, through October 19, 2020. Cross was

scheduled for release from confinement on November 11, 2022. While serving this aggregated term of confinement, Cross escaped again.

While Cross was designated to an RRC, on June 21, 2022, he signed out on a one-time work pass and failed to return at the expected time. Staff notified the USMS and placed Cross on escape status the next day. Upon receiving notification of the escape, the DSCC placed both federal sentences in INOP beginning on June 23, 2022, the date when Cross was no longer in official detention with the BOP.

State authorities arrested Cross on September 22, 2022, and he was granted bond. The USMS assumed custody of him on September 23, 2022, and notified DSCC. The DSCC took the federal sentence computation out of INOP as of September 22, 2022, the day before his return to official BOP detention. Cross' aggregated prison term in Case Nos. 3:16-CR-30140 and 3:20-CR-30137 expired on March 30, 2023, based on credit for good conduct time.

Cross remained in USMS custody, however, related to new federal charges in the Eastern District of Missouri for escape, Case No. 4:22-CR-00427. He was convicted, and the judge sentenced him on June 29, 2023, to a thirty-month term of imprisonment, to run concurrent to any sentence imposed in the Southern District of Illinois under Case Nos. 3:16-CR-30140 and 3:20-CR-30137. The BOP prepared a sentence computation for Cross' thirty-month term commencing on June 29, 2023, the date of imposition, with custody credit from September 21, 2022, through

September 22, 2022, and March 31, 2023, through June 28, 2023. That computation calculated an expected release date for Cross of July 25, 2025, including projected credit for good conduct time.

Cross signed and dated the present § 2241 petition on April 21, 2024. He claims that the BOP miscalculated his term of confinement on Case No. 4:22-CR-00427 from the Eastern District of Missouri. Specifically, Cross argues that because the judge imposed this sentence to run concurrently with his two sentences from the Southern District of Illinois, he is entitled to 210 days of additional prior custody credit for the time he spent in custody before the imposition of the sentence in Case No. 4:22-CR-00427. He contends that with all the credit to which he believes he is entitled, his proper release date was December 24, 2024, rather than July 25, 2025, as the BOP calculated. The respondent has filed a Motion for Summary Judgment, and Cross has responded, making the motion ripe for consideration.

II. DISCUSSION.

Commencement of a federal sentence is defined by statute: "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a); *United States v. McLean*, 867 F.2d 609 (4th Cir. 1989) (unpublished) (per curiam) ("A federal sentence cannot commence prior to the date it is pronounced.").

When imposing a sentence on a defendant who is already subject to an undischarged term of imprisonment, the terms may be run concurrently or consecutively. 18 U.S.C. § 3584(a).

Cross' federal sentence in Case No. 4:22-CR-00427 commenced on June 29, 2023, the date the judge in the Eastern District of Missouri imposed the sentence. At the time the judge sentenced Cross in Case No. 4:22-CR-00427, his other federal sentences had already expired. Despite the judge's pronouncement that the new sentence would run concurrently to Cross' prior sentences, it is undisputed that Cross then had no other sentence in existence that could possibly be run concurrent with his federal sentence in Case No. 4:22-CR-00427. The sentencing court could not, and did not attempt to, backdate Cross' sentence commencement date to overlap with his already-expired federal prison sentences. Therefore, the BOP correctly determined the sentence commencement date as June 29, 2023, the date of imposition.

Using that commencement date, the BOP determined the amount of prior custody credit to which Cross was entitled. Prior custody credit against a federal criminal sentence is governed by 18 U.S.C. § 3585(b). This section provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences ---
>
> > (1) as a result of the offense for which the sentence was imposed; or

>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence*.

18 U.S.C. § 3585(b) (emphasis added). Thus, a defendant cannot "receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992). In other words, if an inmate received credit against a prior federal sentence for time served in federal custody, "he is ineligible under § 3585(b) to receive credit for that same time against the later-imposed federal sentence." *Flack v. Streeval*, No. 7:22CV00634, 2023 WL 5625721, at *2 (W.D. Va. Aug. 31, 2023) (Jones, J.).

It is undisputed that Cross received prior custody credit against the sentence imposed in Case No. 4:22-CR-00427 for time he served in the custody of state officials from September 21 to September 22, 2022, before his return to USMS custody. He also received prior custody credit for time served between the expiration of his earlier sentences in Case Nos. 3:16-CR-30140 and 3:20-CR-30137 on March 30, 2023, and June 28, 2023, the day before the judge imposed the sentence in Case No. 4:22-CR-00427. There is no other time Cross served before being sentenced in Case No. 4:22-CR-00427 that was not credited against his sentences in Case Nos. 3:16-CR-30140 and 3:20-CR-30137. Thus, Cross is not entitled to any additional prior custody credit against his term of confinement in Case No. 4:22-CR-00427.

Case 7:24-cv-00745-JPJ-PMS   Document 16   Filed 08/21/25   Page 8 of 8
Pageid#: 118

### III.  CONCLUSION.

For the reasons stated, it is **ORDERED** that the respondent's Motion for Summary Judgment, ECF No. 9, is GRANTED.

A separate judgment will be entered herewith.

ENTER: August 21, 2025

/s/  JAMES P. JONES
Senior United States District Judge